COBLE ET AL. *v.* HARRIS ET AL.

(No. CI-82-173—Decided
February 9, 1983.)

Court of Common Pleas of
Paulding County.

*Rodney M. Arthur Co., L.P.A.,* and
*Mr. Joseph W. O'Neil,* for plaintiffs.

*Messrs. Schroeder, Schroeder &
O'Malley* and *Mr. Michael E. O'Malley,*
for defendant Emerson Harris.

*Means, Bichimer, Burkholder &
Baker Co., L.P.A.,* and *Mr. Darin G. Kendall,* for defendants Board of Education,
Emery Diamond, Dwight Etter, William
Troyer, Arden Weller and Jo Ann Grant.

*Messrs. Eastman & Smith* and *Mr.
David M. Jones,* for defendant Gary
Grant.

*Messrs. Day, Ketterer, Raley, Wright
& Rybolt* and *Mr. William S. Cline,* for
defendant Ohio Power Co.

*Messrs. Schroeder, Schroeder &
O'Malley* and *Mr. Clyde A. Schroeder,* for
defendants Pat Williamson, Joseph D.
Kirk, Michael J. Mitchell, Edward L. Rau
and Ronald L. Grant.

HITCHCOCK, J. The court is required
to determine if this action should remain
in this court or if the venue should be
changed to a court in another county. In
so doing it must interpret a portion of the
Ohio Rules of Civil Procedure, to wit:

"Rule 3 Commencement of action;
venue

"* * *

"(B) Venue: where proper. Any action may be venued, commenced and
decided in any court in any county. * * *
Proper venue lies in any one or more of
the following counties:

"* * *

"(3) A county in which the defendant conducted activity which gave rise to
the claim for relief;

"* * *

"(6) The county in which all or part
of the claim for relief arose; * * *"

Defendants are some thirteen or more
individuals resident in Putnam County,
the Board of Education of the Continental
Local School District in the same county,
and the Ohio Power Company ("OPC")
which has its principal place of business in
Canton, Stark County, Ohio. The latter
also has in Paulding, Paulding County,
Ohio, a fully staffed regional office for the
administration and operation of its public
utility, electricity supply business in one
compact area composed of a portion of
Defiance County, all of Paulding County,
and a portion of the western part of Putnam County which embraces the Continental Local School District which
marks the site where plaintiff suffered injuries from severe electrical shock.

All defendants maintain that venue in
this county is not proper as not being
authorized by our Civil Rules. Plaintiffs
contend that defendant OPC did "conduct
activity which gave rise to the claim for
relief" in this county and/or that this
county is one "in which * * * a part of the
claim for relief arose"; that were OPC not
a party, venue in Paulding County could
not be maintained; but because OPC is
rightly named as a defendant in this

county by reason of above-mentioned rules that, consequently, all defendants are rightly sued in this county by reason of Civ. R. 3(E) which provides:

"Venue: multiple defendants and multiple claims for relief. In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue therein shall be proper, if the venue is proper as to any one party other than a nominal party, or as to any one claim for relief.

"Neither the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties."

Obviously if OPC "conducted activity which gave rise to the claim for relief" in this county, or if this county is one in which "a part of the claim for relief arose," the motions for change of venue are not well-taken. Moreover, in the circumstances presented, the fact that plaintiffs, as are most defendants, are residents of Putnam County is immaterial.

According to the complaint and statements in the memorandum in opposition to change of venue, plaintiff Randall Lee Coble was asked to change light bulbs illuminating the baseball field at Continental School at the request of defendant Harris, a supervisor of or for the playground committee. Plaintiff, in attempting to perform as requested when the power was on — rather than off as it should have been — suffered electric shock causing the loss of half his right arm, use of a kidney, various internal and external burns requiring skin grafts, unconsciousness for a time, pain, and permanent damage which will cause him pain and suffering and medical attention in the future. In addition to all this, plaintiff suffered loss of earnings and permanent impairment of his future earning capacity. From this injury to plaintiff, his wife and co-plaintiff allegedly suffered loss of consortium. In Paragraph 22 of the complaint, plaintiff alleges: "Ohio Power Company was contacted to cut the power to the playground where Randall Lee Coble was injured but negligently failed to do so resulting in the electrocution of Randall Lee Coble." Also, plaintiffs' memorandum in opposition to the defense motions contains this statement in its second paragraph: "[t]he deposition of the electric company shows that its procedures for taking and recording telephone transmissions at the Paulding Office is [sic] woefully inadequate and may be the proximate cause of plaintiff's injuries."

Counsel indicate there is a dispute as to whether or not any message, transmitted telephonically or otherwise, was ever timely received at OPC's office in Paulding or elsewhere in connection with the event causing bodily injury to plaintiff.

Indubitably, Civ. R. 3 was drawn with a view to minimize controversies over venue and to leave the choice of forum to the plaintiff where the defendant reasonably fitted one of the categories listed in Civ. R. 3(B), subparagraphs (1) through (9), into which, no doubt, well over ninety percent of all lawsuits filed clearly fall, leaving subparagraph (10) and (11) for all other cases.

The court, on analyzing Civ. R. 3(B)(3), finds the emphasis to be on "activity" of the "defendant" "which gave rise to the claim for relief" occurring in a particular "county." Plaintiff's injury giving rise to his claim for relief occurred in Putnam County. OPC's activity is supplying electric current to customers located in both Putnam and Paulding Counties, but plaintiff was not in Paulding County and suffered no injury in Paulding County giving rise to the claim for relief. Even if some telephone call to the Paulding office were mishandled, it related to the activity of OPC in supplying electric power to the school baseball field lighting system — in respect to "giving rise" to plaintiffs' "claim for relief." The court must con-

clude that Putnam County is the county where OPC conducted activity giving rise to plaintiffs' claim for relief.

Reflecting upon Civ. R. 3(B)(6) in connection with its beginning phrase, "[t]he county in which * * * a part of the claim for relief arose," the court notes that the balance of the subparagraph refers to claims for relief occurring on watercourses or roads marking boundaries of counties and states. In these latter situations the court recalls ancient county line accidents where a collision caused by negligence occurred on one side of a county line but no injury was occasioned until one or both vehicles came to rest on the other side of the line, which not uncommonly caused problems of venue and jurisdiction decades ago.

Reasoning analytically, a part of a claim for relief might occur in one county and be completed in the other. No such fact situation is manifest in the circumstances here, it appearing to the court that no part of the claim for relief arose in Paulding County.

Consequently, upon reconsideration, the court adheres to its former decision that defendants' various motions for change of venue are well-taken and the court will, upon presentation of an appropriate entry, order that this action be transferred to the Court of Common Pleas of Putnam County.

*Judgment accordingly.*